IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00570-BNB

VANESSA CUEVAS,

Applicant,

v.

TRAVIS TRANI, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 02 2010

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, Vanessa Cuevas, is a prisoner in the custody of the Colorado Department of Corrections at the Denver Women's Correctional Facility in Denver, Colorado. Ms. Cuevas has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of a Colorado state court conviction and sentence. Although Ms. Cuevas identifies the conviction under attack in the application as case number 2009 CS 939 in the Colorado Supreme Court, the documents submitted with the application indicate that Ms. Cuevas is challenging the validity of her conviction and sentence in Denver District Court case number 06CR10413.

The court must construe the application liberally because Ms. Cuevas is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, Ms. Cuevas will be ordered to file an amended application if she wishes to pursue any claims in this action.

The court has reviewed the application and finds that it is deficient because, in addition to her failure to identify the proper case number of the conviction and sentence being challenged, Ms. Cuevas fails to identify clearly the federal constitutional claims she is asserting in this action. For example, Ms. Cuevas alleges in her first claim only that the trial court abused its discretion in denying her postconviction Rule 35(c) motion in which she raised claims regarding the validity of her guilty plea, the effectiveness of trial counsel, newly discovered evidence, and prosecutorial misconduct. However, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").

Construing the application liberally, it appears that Ms. Cuevas may intend to assert in this action the claims she raised in her state court Rule 35(c) motion. In other words, it appears that Ms. Cuevas may intend to assert claims regarding the validity of her plea, counsel's effectiveness, newly discovered evidence, and prosecutorial misconduct. If so, Ms. Cuevas must assert those claims directly as federal constitutional claims challenging the validity of her conviction and sentence, and she

must allege specific facts that support each asserted claim. Similarly, in her second claim for relief, Ms. Cuevas alleges only that the trial court's restitution order was fraudulent and illegal without linking that assertion to the violation of a specific federal constitutional right.

For these reasons, if Ms. Cuevas wishes to pursue any claims in this action challenging the validity of her state court conviction or sentence, she must file an amended application in which she identifies the specific federal constitutional claims she is raising and in which she provides specific factual allegations in support of each asserted claim. Ms. Cuevas is advised that, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, she must "specify all [available] grounds for relief" and she must "state the facts supporting each ground." Furthermore, the habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Ms. Cuevas file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Ms. Cuevas, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Ms. Cuevas fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED April 2, 2010, at Denver, Colorado.

              BY THE COURT:

              s/ Boyd N. Boland
              United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00570-BNB

Vanessa Cuevas
Prisoner No. 92170
Denver Women's Corr. Facility
PO Box 392005
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 4/2/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk