IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00570-BNB

VANESSA CUEVAS,

Applicant,

v.

TRAVIS TRANI, Warden, D.W.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 0 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Vanessa Cuevas, is a prisoner in the custody of the Colorado Department of Corrections at the Denver Women's Correctional Facility in Denver, Colorado. Ms. Cuevas initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 14, 2010, Ms. Cuevas filed an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Ms. Cuevas is challenging the validity of her conviction and sentence in Denver District Court case number 06CR10413.

On April 16, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On April 30, 2010, Respondents filed their Pre-Answer Response. On May 28, 2010, Ms. Cuevas filed a reply to the Pre-Answer Response.

The Court must construe the amended application and other papers filed by Ms. Cuevas liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Ms. Cuevas agreed to plead guilty to one count of theft in exchange for dismissal of other charges. In accordance with her plea agreement, Ms. Cuevas was sentenced on July 6, 2006, to eight years in prison and was ordered to pay restitution in the amount of $55,730.22. She did not file a direct appeal.

On three occasions – January 2, 2007; March 15, 2007; and April 13, 2007 – Ms. Cuevas filed in the trial court motions for presentence confinement credit. (*See* Pre-Answer Resp. at App. A, p.7.) On April 24, 2007, the trial court entered an order granting the requested presentence confinement credit. (*See* Pre-Answer Resp. at App. C.)

Beginning on September 19, 2007, Ms. Cuevas filed a series of motions in the trial court challenging the amount of restitution she was ordered to pay. (*See* Pre-Answer Resp. at App. A, p.7.) On October 23, 2007, the trial court denied the September 19, 2007, motion for restitution hearing. (*See id.*) On December 19, 2007, the trial court denied another motion for restitution hearing that was filed on November 9, 2007. (*See id.*) On August 4, 2008, the trial court denied both a motion for habeas corpus filed on June 26, 2008, and a postconviction Rule 35(c) motion to correct an illegal sentence filed on July 3, 2008. (*See id.*, p.8) Ms. Cuevas appealed from the

order denying her Rule 35(c) motion and, on September 24, 2009, the Colorado Court of Appeals affirmed the trial court's order denying the Rule 35(c) motion. *See People v. Cuevas*, No. 08CA2008 (Colo. Ct. App. Sept. 24, 2009) (Pre-Answer Resp. at App. G). On January 19, 2010, the Colorado Supreme Court denied Ms. Cuevas' petition for writ of certiorari in the postconviction Rule 35(c) proceedings. (*See* Pre-Answer Resp. at App. I.)

The Court received the instant action for filing on March 3, 2010. In her amended application filed on April 14, 2010, Ms. Cuevas asserts two claims for relief. The first claim is an ineffective assistance of counsel claim. Construing the amended application liberally, Ms. Cuevas contends that counsel was ineffective by failing to investigate and present relevant evidence that would have exonerated her. In her second claim for relief, Ms. Cuevas challenges the legality of the restitution portion of her sentence because the amount of restitution was based on false information provided by the district attorney.

Respondents first argue that his action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

3

> United States is removed, if the applicant was
> prevented from filing by such State action;
>
> (C) the date on which the constitutional right
> asserted was initially recognized by the
> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Ms. Cuevas' conviction became final. Because Ms. Cuevas did not file a direct appeal from her conviction, her conviction became final when the time for filing a direct appeal expired. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Ms. Cuevas had forty-five days to file a notice of appeal after she was sentenced on July 6, 2006. Therefore, the Court finds that Ms. Cuevas' conviction became final on August 21, 2006.[1]

The Court also finds that the one-year limitation period began to run on August 21, 2006. Although Ms. Cuevas alleges she was prevented by unconstitutional state

---

[1] The forty-fifth day after July 6, 2006, was Sunday, August 20, 2006. Therefore, the filing deadline extended until Monday, August 21, 2006. *See* C.A.R. 26(a).

4

action from filing this action sooner, *see* 28 U.S.C. § 2244(d)(1)(B), the fact that her own attorney failed to disclose evidence to her is not unconstitutional state action. Ms. Cuevas also is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review and she knew or could have discovered the factual predicate for her claims before her conviction became final. *See* 28 U.S.C. § 2244(d)(1)(C) & (D). Therefore, unless the one-year limitation period was tolled for some period of time, it expired on August 21, 2007, one year after Ms. Cuevas' conviction became final.

The next question the Court must answer is whether any of the postconviction motions Ms. Cuevas filed in state court tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d

799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents' argument that this action is time-barred is premised on their contention that Ms. Cuevas' motions for presentence confinement credit filed in January, March, and April 2007 did not toll the one-year limitation period pursuant to 28 U.S.C. § 2244(d)(2). Respondents specifically argue that the postconviction motions for presentence confinement credit did not toll the one-year limitation period because those motions did not raise any constitutional issues and postconviction review in Colorado is limited to constitutional issues. The Court is not persuaded by this argument because properly filed motions for sentence reduction pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure toll the one-year limitation period, *see Robinson v. Golder*, 443 F.3d 718, 720-21 (10th Cir. 2006), and Rule 35(b) motions are not limited to constitutional issues. Therefore, the Court will not dismiss the instant action as barred by the one-year limitation period.

Respondents also argue that this action should be dismissed because Ms. Cuevas' claims in the amended application are unexhausted and procedurally barred. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus

6

may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. See *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); ***Dever v. Kansas State Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. See ***Castille v. Peoples***, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. ***Picard v. Connor***, 404 U.S. 270, 278 (1971); *see also **Nichols v. Sullivan***, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." ***Anderson v. Harless***, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. See ***Duncan v. Henry***, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." ***Hernandez v. Starbuck***, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. See ***Miranda v. Cooper***, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents argue that Ms. Cuevas' ineffective assistance of counsel claim is not exhausted because, although Ms. Cuevas raised an ineffective assistance of counsel claim on appeal from the denial of her postconviction Rule 35(c) motion, that claim was not fairly presented to the Colorado appellate courts because the claim was never raised in the trial court. On appeal, the Colorado Court of Appeals specifically declined to address a number of claims, including an ineffective assistance of counsel claim, because the claim was raised for the first time on appeal. (*See* Pre-Answer Resp. at App. G, p.8.) The ineffective assistance of counsel claim Ms. Cuevas sought to raise on appeal from the denial of her Rule 35(c) motion, and which the Colorado Court of Appeals declined to consider, was premised in part on counsel's alleged failure to investigate and present relevant evidence that would have exonerated her. (*See* Doc. #4 at pp.54-55.[2]) As noted above, Ms. Cuevas' ineffective assistance of counsel claim in the instant action also is premised on counsel's alleged failure to investigate and present relevant evidence that would have exonerated her.

Ms. Cuevas argues in her reply to the Pre-Answer Response that she raised her ineffective assistance of counsel claim in the trial court and she attaches to her reply a copy of an amended Rule 35(c) motion that includes an allegation that her trial counsel was in possession of evidence that would have exonerated her. (*See* Doc. #16 at 19.) However, Ms. Cuevas did not specifically claim in the amended Rule 35(c) motion that counsel was ineffective. Instead, the allegation that counsel was in possession of

---

[2] The copy of Ms. Cuevas' opening brief on appeal in the Rule 35(c) proceedings that Respondents attached to their Pre-Answer Response as Appendix D is missing pages 8-18. The entire opening brief was submitted by Ms. Cuevas with her original application filed on March 11, 2010 (*see* Doc. #4 at pp.20-31, 53-67.)

evidence that would have exonerated her is set forth as part of a chronology of events in support of Ms. Cuevas' contention that there was insufficient evidence to support the theft charge against her based on newly discovered evidence. (*See id.*) Ms. Cuevas cannot exhaust state court remedies by presenting to the state courts a different claim than she raises in federal court. See *Picard*, 404 U.S. at 276; *see also Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (stating that "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court"). Therefore, the ineffective assistance of counsel claim was not fairly presented to the Colorado state courts and is not exhausted.

Respondents also argue that Ms. Cuevas' second claim, in which she challenges the legality of the restitution portion of her sentence, is not exhausted because that claim was not raised properly in the Rule 35(c) proceedings and the claim was not raised as a federal constitutional claim in the state courts. The Court has reviewed Ms. Cuevas' opening brief on appeal from the denial of her Rule 35(c) motion and agrees that the second claim was not raised as a federal constitutional claim on appeal. Although Ms. Cuevas did make two brief references to "due process" in connection with her claim that the amount of restitution was based on false information provided by the district attorney (*see* Doc. #4 at 63), the Court finds that Ms. Cuevas' references to "due process" in her opening brief did not satisfy the fair presentation requirement because she did not explicitly connect those references to a claim under federal law. "[I]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." *Gray v.*

*Netherland*, 518 U.S. 152, 163 (1996). Therefore, the Court finds that Ms. Cuevas also failed to exhaust state remedies for her second claim.

Although Ms. Cuevas failed to exhaust state remedies for the claims she raises in the amended habeas corpus application, the Court may not dismiss the action for failure to exhaust state remedies if Ms. Cuevas no longer has an adequate and effective state remedy available to her. *See Castille*, 489 U.S. at 351. The Court finds that Ms. Cuevas no longer has an adequate and effective state remedy available to her because the time for seeking collateral review under Colorado state law has expired. *See* Colo. Rev. Stat. § 16-5-402 (providing three-year statute of limitations for collateral review of non-class 1 felonies). In addition, the Colorado Rules of Criminal Procedure bar Ms. Cuevas from raising her claims in a successive postconviction motion. *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"). Therefore, the Court finds that Ms. Cuevas' claims in the amended application are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Ms. Cuevas' *pro se* status does not exempt her from the requirement of

demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for her procedural default, Ms. Cuevas must show that some objective factor external to the defense impeded her ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). Ms. Cuevas fails to demonstrate either cause and prejudice for her procedural default.

Ms. Cuevas also fails to demonstrate that a failure to consider her claims in the amended application will result in a fundamental miscarriage of justice. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In order to demonstrate a fundamental miscarriage of justice, Ms. Cuevas first must "support [her] allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id.* Ms. Cuevas then must demonstrate "that it is more likely than not that no reasonable juror would have convicted [her] in light of the new evidence." *Id.* at 327.

Ms. Cuevas fails to present any new reliable evidence that demonstrates she is actually innocent. Therefore, she cannot show that a failure to consider her claims will result in a fundamental miscarriage of justice. As a result, Ms. Cuevas' claims are procedurally barred. Accordingly, it is

ORDERED that the application and the amended application are denied and the action is dismissed because Applicant's claims challenging her conviction are procedurally barred. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __9th__ day of __June__, 2010.

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00570-BNB

Vanessa Cuevas
Prisoner No. 92170
Denver Women's Corr. Facility
PO Box 392005
Denver, CO 80239

John T. Lee
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/10/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk