IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00570-ZLW

VANESSA CUEVAS,

    Applicant,

v.

TRAVIS TRANI, Warden, D.W.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant Vanessa Cuevas has filed *pro se* on June 23, 2010, a document titled "Response to Judgment Order to Dismissing Action for Procedural Barring Combined with Motion for Stay of Decision" in which she asks the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment entered in this action on June 10, 2010. The Court must construe the motion liberally because Ms. Cuevas is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the motion to reconsider filed by Ms. Cuevas pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action on June 10, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion). The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Ms. Cuevas challenged her Colorado state court conviction and sentence in the instant action. The Court dismissed the action after determining that the claims Ms. Cuevas asserts are unexhausted and procedurally barred. In the motion to reconsider, Ms. Cuevas disagrees with the Court's reasoning and conclusions.

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Ms. Cuevas fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Ms. Cuevas fails to demonstrate the existence of an intervening change in controlling law or new evidence and she fails to convince the Court of any need to correct clear error or prevent manifest injustice. The Court remains convinced that Ms. Cuevas did not exhaust state remedies for either of her claims and that those claims now are procedurally barred. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Response to Judgment Order to Dismissing Action for Procedural Barring Combined with Motion for Stay of Decision" filed on June 23, 2010, which the Court has construed liberally as a motion to reconsider the Order of Dismissal and the Judgment in this action, is denied.

DATED at Denver, Colorado, this __25th__ day of __June__, 2010.

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00570-ZLW

Vanessa Cuevas
Prisoner No. 92170
Denver Women's Corr. Facility
PO Box 392005
Denver, CO 80239

John T. Lee
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/29/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk